Adam J Schwartz (SBN 251831)
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
adam@ajschwartzlaw.com
(323) 455-4016

*Attorney for Plaintiff Terry Fabricant and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY FABRICANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPROVED PROVIDERS NETWORK, LLC<br><br>Defendant. | **Case No.**<br><br>**COMPLAINT FOR:**<br><br>1. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)**<br><br>**Class Action**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Terry Fabricant ("Plaintiff") by their undersigned counsel, for this class action complaint against Approved Providers Network, LLC and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities ("Approved Providers" or "Defendant"), allege as follows:

COMPLAINT - 1

## I. INTRODUCTION

1. <u>Nature of Action</u>.  Plaintiff, individually and as class representative for all others similarly situated, brings this action against Approved Providers for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Approved Providers engaged in automated telemarketing in violation of the TCPA using pre-recorded messages that were sent to cellular telephones.

2. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II. PARTIES

3. Plaintiff Terry Fabricant is an individual residing in California, in this District.

4. Defendant Approved Providers is a California limited liability company. It has a registered agent of Patrick Adler and a principal place of business at 5255 E. Hunter Ave., Anaheim, CA 92807.

5. Approved Providers engages in telemarketing into this District, as it did with the Plaintiff.

## III.     JURISDICTION AND VENUE

6.      Jurisdiction.  This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically, 47 U.S.C. § 227.

7.      Personal Jurisdiction.  This Court has personal jurisdiction over Approved Providers because a substantial part of the wrongful acts alleged in this Complaint were committed in California.

8.      Venue.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## IV.     THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

9.      In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA provides a private cause of action to

persons who receive calls in violation of Section 227(b)(1)(A). 47 U.S.C. § 227(b)(3).

11. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

12. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

13. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service."

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote omitted).

## V. FACTUAL ALLEGATIONS

14. Approved Providers offers digital marketing services to businesses.

15. One of Approved Providers's strategies for marketing its payment services and generating new customers is telemarketing.

16. Approved Providers's telemarketing includes the use of pre-recorded messages to generate new business.

17. Recipients of these calls, including Plaintiff, did not consent to receive such telephone calls.

18. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**Calls to Plaintiff Fabricant**

19. Plaintiff Fabricant's telephone number, (818)-481-XXXX, is registered to a cellular telephone service.

20. On March 17, 2021, the Plaintiff received a pre-recorded call from the Defendant.

21. The recorded message offered a service where a business's website would be easier to find through marketing efforts.

22. This is a service provided by the Defendant.

23. The Plaintiff "pressed 1" in response to the recording to attempt to conclusively identify the calling party.

24. Mr. Fabricant then spoke with the Defendant.

25. Confirming their conversation, the Plaintiff was sent a text message that contains the following link: APN - https://g.page/APN-CARE?share.

26. This link promoted the services of the Defendant.

27. The Plaintiff did not provide his prior express written consent to Approved Providers to receive the call.

28. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Approved Providers because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls. The calls occupied their cellular telephone lines, rendering them unavailable for legitimate communication.

## VI. CLASS ACTION ALLEGATIONS

29. <u>Class Definition</u>. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of Class (the "Class") defined as follows:

> All persons to whom: (a) Approved Providers and/or a third party acting on Approved Providers' behalf made one or more non-emergency telephone calls; (b) to their cellular telephone numbers; (c) through the use of an artificial or prerecorded voice; (d) at any time in the last four years through the date of trial.

30.     Numerosity.  The Class is so numerous that joinder of all its members is impracticable.  On information and belief and on the basis of Approved Providers' *en masse* calling practices, the Class has at least hundreds of members.

31.     Commonality.  There are numerous questions of law and fact common to Plaintiff and members of the Class.  These common questions of law and fact include, but are not limited to, the following:

     a.      Whether Approved Providers used a prerecorded voice:

     b.      Whether Approved Providers purchased batches of leads of prospects who had not consented to be called by it;

     c.      Whether Approved Providers and/or its affiliates or agents, and/or other persons or entities acting on Approved Providers' behalf, knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an artificial or prerecorded voice, thus entitling Plaintiff and the Class to treble damages;

     d.      Whether Approved Providers and/or its affiliates, agents, and/or other persons or entities acting on Approved Providers' behalf should be enjoined from using pre-recorded messages in the future.

32.     Typicality.  Plaintiff's claims are typical of the claims of the Class.  Plaintiff's claims and those of the Class arise out of the same course of conduct by Approved Providers and are based on the same legal and remedial theories.

33. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable counsel with experience in TCPA and consumer class action litigation. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has interests contrary to or conflicting with those of the proposed Class.

34. <u>Predominance</u>. Approved Providers has engaged in a common course of conduct toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues. For example, the TCPA's statutory damages obviate the need for mini-trials on actual damages. Adjudication of these common issues in a single action has important and desirable advantages, including judicial economy.

35. <u>Superiority</u>. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Approved Providers to comply with the TCPA. The interest of individual members of the Class in individually controlling the prosecution of separate claims against Approved Providers is small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions

because the calls at issue are all automated and because the TCPA articulates bright-line standards for liability and damages.

36. <u>Injunctive and Declaratory Relief is Appropriate</u>. Approved Providers has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis.

## VII.     FIRST CLAIM FOR RELIEF
**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A))**

37. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

38. The foregoing acts and omissions of Approved Providers and/or its affiliates or agents, and/or other persons or entities acting on Approved Providers' behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency calls to the cellular telephone numbers of Plaintiff and members of the Class using an artificial or prerecorded voice.

39. As a result of violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by Approved Providers and/or its affiliates or agents and/or other persons or entities acting on its behalf, Plaintiff and members of the Class are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers

using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

40. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Approved Providers, its affiliates and agents, and/or any other persons or entities acting on its behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice.

41. As a result of knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by Approved Providers, its affiliates or agents, and/or other persons or entities acting on its behalf, Plaintiff and members of the Class are entitled to treble damages of up to $1,500 for each and every call made to their cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of all members of the Class, prays for judgment against Approved Providers as follows:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D.  A declaration that actions complained of herein by Approved Providers and/or its affiliates, agents, or related entities violate the TCPA;

E.  An order enjoining Approved Providers and its affiliates, agents and related entities from using pre-recorded messages to call cellular telephones, absent emergency circumstances;

F.  Leave to amend this Complaint to conform to the evidence presented at trial; and

G.  Orders granting such other and further relief as the Court deems necessary, just and proper.

### IX.  DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 22nd day of March, 2021.

By: */s/ Adam Schwartz*

Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:   (508) 318-8100
Email: anthony@paronichlaw.com

*Subject to Pro Hac Vice*

*Attorney for Plaintiff and the Proposed Class*